**OLHAVA, Plaintiff-Appellant, v. GERSON, d. b. a. BROADWAY LUMBER CO., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22337. Decided May 5, 1952.

N. H. Russick, Cleveland, for plaintiff-appellant.
L. M. Asherman, Cleveland, for defendant-appellee.

## OPINION

Per CURIAM:

Plaintiff in the trial court has appealed to this Court on

questions of law and fact from a judgment of the Common Pleas Court of Cuyahoga County, dismissing the petition of plaintiff and dismissing also the cross-petition of defendant and assessing costs against plaintiff. This court's per curiam opinion is for purpose of clarification for the trial court, since the case is being remanded to that court for further proceedings according to law.

Plaintiff filed his petition for specific performance of a written agreement entered into under date of March 16, 1948, whereunder plaintiff agreed to purchase, and defendant agreed to sell, certain material covering what was described as a "Perry Cottage" for the stated price of $3,000.00. The petition further asked for damages in the sum of $5,000.00 for injuries sustained by defendant's breach of contract and for an additional $5000.00 compensatory damages or a total of $10,000.00.

Defendant in turn filed an answer and cross-petition denying plaintiff's right to specific performance of the agreement and asking for reformation thereof, alleging that the actual purchase price agreed on by the parties was $3800.00 and not $3000.00. The trial court, after hearing the evidence of both parties, found against plaintiff upon his petition and in favor of defendant with respect to the right of reformation of the written contract. The court ordered defendant to return to plaintiff the sum of $500.00, the down payment on the purchase price, and then ordered that upon such payment both parties be deemed released from the obligation of the agreement, the costs being assessed against plaintiff.

The case came on for hearing in this Court on questions of law and fact. The transcript of the testimony in the trial court, supplemented by additional testimony taken by plaintiff and defendant prior to argument, was submitted as testimony in this court. During argument, it was conceded by plaintiff that the circumstances had so changed since the entry into of the original agreement under date of March 16, 1948, that specific performance would no longer be desirable and plaintiff indicated a preference to proceed in this court on questions of law, waiving the appeal on law and fact. This Court thereupon, by the agreement of the parties, dismissed this appeal on law and fact and retained it on law and it was further agreed that the transcript of the evidence taken in the trial court should be considered as the bill of exceptions without the certificate of the trial judge. Sec. 11571 GC. On that basis, this court can consider only the testimony before the trial court and not the additional testimony filed in this court covering testimony of March 4, 1952, and exhibits J, K and L introduced at that time.

Upon consideration of the evidence before the trial court, it is our opinion that its judgment is against the weight of the evidence in view of the testimony of defendant's witness, Gerald Gerson (record p. 99) that the defendant, at least twice after entry into of the original agreement, was willing to perform the contract according to its terms, and for the further reason that none of the ten exhibits identified and offered by the parties in the trial court was attached to the record and there is no certainty that these exhibits were in fact in evidence for consideration by the trial court.

The judgment of the Common Pleas Court is therefore reversed and the cause is remanded for further proceedings according to law. Exceptions noted. Order see journal.

SKEEL, PJ, HURD, J, THOMPSON, J, concur.